1  **GARCIA HERNÁNDEZ SAWHNEY, LLP**
   ALBERT A. ERKEL, JR. (SBN 93793)
2   aerkel@ghslaw.com
   CONOR KENNEDY (SBN 281793)
3   ckennedy@ghslaw.com
   Garcia Hernández Sawhney, LLP
4  330 N. Brand Blvd., Suite 680
   Glendale, California 91203
5  Tel: (213) 347-0210
   Fax: (213) 347-0216
6
7  *Attorneys for Defendant*
   OXNARD SCHOOL DISTRICT
8
9                    **UNITED STATES DISCTRICT COURT**
10                   **CENTRAL DISTRICT OF CALIFORNIA**
11
12 I.H., a minor, by and through his         Case No.: 2:19-cv-01997-MWF-MRW
   guardian ad litem, C.C.,
13                                            **DEFENDANT OXNARD SCHOOL**
           Plaintiff,                        **DISTRICT'S ANSWER TO**
14                    v.                      **SECOND AMENDED COMPLAINT**
15 OXNARD SCHOOL DISTRICT;
   CASA PACIFICA CENTERS FOR
16 CHLIDREN AND FAMILIES
17         Defendants.
18
19
20
21
22
23
24
25
26
27
28

Defendants Oxnard School ("District"), hereby answers the Second Amended Complaint filed by Plaintiff I.H. by and through his guardian ad litem and counsel ("Plaintiff"), and asserts its affirmative defenses as follows:

## JURISDICTION AND VENUE

1.      In response to Paragraph 1 of the Second Amended Complaint, the District admits that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343. Defendant asserts failed exhaustion as an affirmative defense and on that basis denies that the causes of action alleged herein arise under Americans with Disabilities Act or the Rehabilitation Act of 1973 and are instead at their crux each causes of action that arise under Individuals with Disabilities Education Act. As Plaintiff fails to plead a cause of action in the Second Amended Complaint under state law against the District, Defendant further denies any cause of action premised on a violation of state law or any supplemental jurisdiction.

2.      In response to Paragraph 2 of the Second Amended Complaint, the District admits that venue is proper in this Court under 28 U.S.C. §§1391(b), and that the District is located within the boundaries of the judicial district for the United States District Court for the Central District of California.

## INTRODUCTION

3.      In response to Paragraph 3 of the Second Amended Complaint, the District admits that it assessed Plaintiff and found Plaintiff eligible for special education services in the category of speech and language. The District admits that Plaintiff has significant struggles with behavior, and that Plaintiff has many difficult social interactions that can be disruptive to those around him. The District lacks information or belief sufficient to admit or deny the allegations that "with the right accommodations and services, I.H. can successfully function in a school setting," and on that basis denies it.  The District lacks information about I.H.'s struggle with regulating his emotions, or that specific struggle's impact on his ability to engage in

DEFENDANT OXNARD SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT

day-to-day interactions, and on that basis denies both allegations. The District denies generally and specifically each and every other allegation contained in Paragraph 3.

4.     In response to Paragraph 4 of the Second Amended Complaint, the District admits that properly trained staff engaged in lawful restraints, each and every instance of which the District alleges the Office of Administrative Hearings' Administrative Law Judge Robert G. Martin acknowledged as lawful after a full evidentiary hearing, as evidenced by Judge Martin's December 18, 2018 Order. Per the District's allegation as to that Order, and consistent with that Order, the District denies these holds were "extended" in any unlawful manner. The District admits also that Plaintiff's teacher ordered evacuations of the classroom, that the District did call Plaintiff's parents to come to school to pick him up, and that the District did call the police. The District denies the police were called to "address" Plaintiff's behavior, that the District engaged in "segregation," or that the District's placement dispute with Plaintiff's counsel constituted "ultimately barr[ing]" Plaintiff from receiving educational services. The District denies generally and specifically each and every remaining allegation contained in Paragraph 4.

5.     In response to Paragraph 5 of the Second Amended Complaint, the District denies generally and specifically each and every allegation contained therein.

6.     In response to Paragraph 6 of the Second Amended Complaint, the District admits it has no plans to change Plaintiff's current placement. The District alleges that the December 18, 2018 Order by the Office of Administrative Hearings Administrative Law Judge Robert G. Martin speaks for itself, and on that basis, denies generally and specifically Plaintiff's allegations about the Order, which are inconsistent with the Order.  The District alleges that Plaintiff concedes in Paragraph 64 of his own Second Amended Complaint that "the Administrative Law Judge's order did not mandate a general education campus," and on that basis, the District denies Plaintiff's allegations that Administrative Law Judge Robert G Martin

1  ordered the District to provide Plaintiff's original requested placement. The District
2  denies generally and specifically each and every remaining allegation contained in
3  Paragraph 6.

4      7.      In response to Paragraph 7 of the Second Amended Complaint, the
5  District admits that the Plaintiff filed and litigated certain claims under the
6  Individuals with Disabilities Education Act, but pursuant to Plaintiff's First
7  Affirmative Defense for Failed Exhaustion, Plaintiff did not present in his Special
8  Due Process Complaint or any subsequent filing detailing his claims the educational
9  harms upon which his Second or Third Causes of Action are premised. The District
10 alleges that the December 18, 2018 Order by the Office of Administrative Hearings
11 Administrative Law Judge Robert G. Martin speaks for itself, and on that basis,
12 denies generally and specifically Plaintiff's descriptions of that Order, which are
13 neither verbatim quotes nor accurate summaries of the relevant citations of the
14 Order.

15     8.      In response to Paragraph 8 of the Second Amended Complaint, the
16 District admits that it must ensure equal access to its educational programs and
17 comply with the federal laws that apply to accommodations and supports. The
18 District denies generally and specifically each and every remaining allegation in
19 Paragraph 8.

20     9.      In response to Paragraph 9 of the Second Amended Complaint, the
21 District admits that it requested dismissal of Plaintiff's fifth issue in the Due Process
22 Hearing before the Office of Administrative Hearings. The District admits Plaintiff
23 obtained relief from OAH, including compensatory education, a new placement,
24 supports and services, and assessments. The District alleges that the December 18,
25 2018 Order by the Office of Administrative Hearings Administrative Law Judge
26 Robert G. Martin speaks for itself, and on that basis, denies generally and
27 specifically the remainder of Plaintiff's allegations about the Order in Paragraph 9,
28 which are inconsistent with the Order. The District asserts failed exhaustion as an

affirmative defense and on that basis denies that the Second and Third Causes of Action alleged in the Second Amended Complaint are "separate and distinct" from the Individuals with Disabilities Education Act harms upon which these causes of action are in fact premised.  Instead, the District alleges that the crux of both of these causes of action arises under the Individuals with Disabilities Education Act.

10.     In response to Paragraph 10 of the Second Amended Complaint, the District admits that the Second Amended Complaint brings an action that attempts to plead causes of action under the Individuals with Disabilities Education Act, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act against the District, seeking damages and fees as well. The District denies the remainder of Plaintiff's allegations in Paragraph 10, including Plaintiff's characterization of state law violations.

11.     In response to Paragraph 11 of the Second Amended Complaint, the District admits that Plaintiff states he may reserve his right to amend without making any statement as to the existence or validity of that right.

## **PARTIES**

12.     In response to Paragraph 12 of the Second Amended Complaint, the District admits that Plaintiff is eight years old and resides with his family in Oxnard, California, which is located in Ventura County.  The District generally and specifically denies each and every remaining allegation in Paragraph 12.

13.     In response to Paragraph 13 of the Second Amended Complaint, the District admits that Plaintiff currently receives individualized one-on-one instructions with a specially trained teacher and aide in a separate room. The District alleges that the Complaint itself concedes in Paragraph 64 that "the Administrative Law Judge's order did not mandate a general education campus," and on that basis, Plaintiff's placement is not a comprehensive campus placement. The District therefore denies Plaintiff's contradictory allegation that Cesar Chavez elementary school is the "same" as Plaintiff uses that term in Paragraph 13 to the extent it bares

any relevance to Plaintiff's Second Amended Complaint. The District admits to the remaining allegations in Paragraph 13 of the Complaint, insofar as they are not specific about Plaintiff's disability or his required accommodations, modifications, or services.

14.     In response to Paragraph 14 of the Second Amended Complaint, the District admits that is a public school district organized and existing under the laws of the State of California, located within Ventura County and provides services to students from pre-school through eighth grade that receives both state and federal funding. The District admits that it provides services to students from pre-school through the eighth grade. The District denies the compound allegation that it "was the local education agency responsible for providing Plaintiff with special education services."   The District admits that it must provide equal access to its public education programs and activities and that it receives both state and federal financial assistance. The District denies generally and specifically the remainder of Plaintiff's allegations contained in Paragraph 14.

15.     In response to Paragraph 15, the District lacks information sufficient to answer the allegations in Paragraph 15, and on that basis the District generally and specifically denies the allegations contained in Paragraph 15.

## "FACTS APPLICABLE TO ALL CLAIMS"

16.     In response to Paragraph 16 of the Second Amended Complaint, the District denies generally and specifically each and every allegation contained therein.

17.     In response to Paragraph 17 of the Second Amended Complaint, the District admits that Plaintiff threw chairs, used foul language, pulled objects from walls, destroyed property, and ran out of class. The District denies generally and specifically each and every remaining allegation contained in Paragraph 17.

///

///

DEFENDANT OXNARD SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT

18.     In response to Paragraph 18 of the Second Amended Complaint, the District denies generally and specifically each and every allegation contained therein.

19.     In response to Paragraph 19 of the Second Amended Complaint, the District admits the Plaintiff attended Rose Avenue Elementary School for the 2016-2017 school year. The District denies generally and specifically each and every remaining allegation contained in Paragraph 19.

20.     In response to Paragraph 20 of the Second Amended Complaint, the District admits that the District convened a meeting about Plaintiff on October 25, 2016 to address his academic issues. The District denies flags for a disability. The District admits that the verbatim quote in Paragraph 20 does appear in the December 18, 2018 Order by the Office of Administrative Hearings Administrative Law Judge Robert G. Martin.

21.     In response to Paragraph 21 of the Second Amended Complaint, the District admits that Judge Martin ruled that the District violated child find, and the District admits that the verbatim quote in Paragraph 21 does appear in Judge Martin's December 18, 2018 Order, as part of the Order's summary.  The District denies Plaintiff's characterization of the December 18, 2018 Order by the Office of Administrative Hearings Administrative Law Judge Robert G. Martin, which speaks for itself.

22.     In response to Paragraph 22 of the Second Amended Complaint, the District admits that Plaintiff was disruptive in class, aggressive, threw chairs, exhibited defiance and ran out of the classroom, creating an unsafe environment for himself, teachers, and other students, and that Plaintiff's teacher was fearful and created a safe word for students to evacuate the class. District denies generally and specifically Plaintiff's remaining allegations in Paragraph 22.

23.     In response to the allegations in Paragraph 23, the District alleges that the email in question speaks for itself, and on that basis, denies Plaintiff's

characterization of the email. The District generally and specifically denies the remaining allegations in Paragraph 23.

24.    In response to the allegations in Paragraph 24, the District admits that the District participated in a meeting on April 26, 2017 to discuss I.H.'s problems in school. The District alleges that the April 26, 2017 SST meeting summary speaks for itself, and on that basis, the District generally and specifically denies the allegations in Paragraph 24.

25.    In response to the allegations in Paragraph 25, the District admits Plaintiff transferred to Cesar Chavez Elementary for the 2017-2018 academic year. The District generally and specifically denies Plaintiff's remaining allegations in Paragraph 25.

26.    In response to the allegations in Paragraph 26, the District admits that Plaintiff engaged in slapping of students, pulling items from walls, spitting, screaming, eloping, and property destructions. The District generally and specifically denies the remaining allegations contained in Paragraph 26.

27.    In response to the allegations in Paragraph 27, the District admits that properly trained staff engaged in lawful restraints, each and every instance of which the District alleges the Office of Administrative Hearings' Administrative Law Judge Robert G Martin acknowledged as lawful after a full evidentiary hearing, as evidenced by Judge Martin's December 18, 2018 Order. Per District's allegation as to that Order, and consistent with that Order, the District denies these holds were designed as substitutes for lawfully required accommodations or due to any "disability-related behavior" and also denies these holds were "routine" in any unlawful manner. The District admits that Plaintiff was removed from class, suspended, and sent home. The District denies Plaintiff was entitled to behavior interventions under the Americans with Disabilities Act or Section 504 of the Rehabilitation Act and denies that Plaintiff's "needs" specific to the skills and

1   training of a behaviorist relate to his disabilities. The District denies that Plaintiff
2   was "locked in rooms and cages."

3     28. In response to the allegations in Paragraph 28, the District admits that
4   the District's risk management department purchased goggles, shin guards, and bean
5   bags. The District denies that its risk management established the purchases to
6   substitute or replace compliance with special education statutes. The District denies
7   its staff "physically confronted" anyone.

8     29. In response to the allegations in Paragraph 29, the District alleges that
9   the email exchange in question speaks for itself, and on that basis, the District
10  generally and specifically denies the allegations in Paragraph 29.

11    30. In response to the allegations in Paragraph 30, the District admits that
12  the verbatim quote in Paragraph 30 does appear in Judge Martin's December 18,
13  2018 Order but denies the Order used the quote as a citation for the proposition in
14  Paragraph 30. The District denies Plaintiff's characterization of the December 18,
15  2018 Order by the Office of Administrative Hearings Administrative Law Judge
16  Robert G. Martin, which speaks for itself.

17    31. In response to the allegations in Paragraph 31, the District admits that
18  a meeting was held on January 11, 2018. The District generally and specifically
19  denies the remainder of the allegations in Paragraph 31.

20    32. In response to the allegations in Paragraph 32, the District denies that
21  Plaintiff's excerpts of the December 18, 2018 Order by the Office of Administrative
22  Hearings Administrative Law Judge Robert G. Martin represent a truthful depiction
23  of the portion of the Order they purport to quote, but that that Order speaks for itself,
24  and on that basis, the District denies generally and specifically Plaintiff's allegations
25  about the Order in Paragraph 32, which are inconsistent with the Order.

26    33. In response to the allegations in Paragraph 33, the District denies that
27  Plaintiff's excerpts of the December 18, 2018 Order by the Office of Administrative
28  Hearings Administrative Law Judge Robert G. Martin represent a truthful depiction

1  of the portion of the Order they purport to quote, but that that Order speaks for itself,

2  and on that basis, the District denies generally and specifically Plaintiff's allegations

3  about the Order in Paragraph 33, which are inconsistent with the Order.

4       34.    In response to the allegations in Paragraph 34, the District admits that

5  Plaintiff engaged in problematic behavior that included tearing paper, property

6  destruction, tapping on the desk, walking around the class, hitting, screaming, biting,

7  kicking, swearing and running away. The District denies these behaviors were the

8  "result" of the District. The District admits that it suspended Plaintiff. The District

9  admits that properly trained staff engaged in lawful restraints, each and every

10 instance of which the District alleges the Office of Administrative Hearings'

11 Administrative Law Judge Robert G Martin acknowledged as lawful after a full

12 evidentiary hearing, as evidenced by Judge Martin's December 18, 2018 Order. Per

13 District's allegation as to that Order, and consistent with that Order, the District

14 denies these holds were designed as substitutes for lawfully required

15 accommodations. The District generally and specifically denies Plaintiff's

16 remaining allegations contained in Paragraph 34.

17      35.    In response to the allegations in Paragraph 35,  the District admits that

18 it held an IEP meeting on February 26, 2018.  The IEP speaks for itself, and on that

19 basis, the District denies generally and specifically Plaintiff's remaining allegations

20 in Paragraph 35 that are inconsistent with the IEP.

21      36.    In response to the allegations in Paragraph 36, the District denies

22 generally and specifically the allegations contained therein.

23      37.    In response to the allegations in Paragraph 37, denies generally and

24 specifically the allegations contained therein.

25      38.    In response to the allegations in Paragraph 38, the District admits that

26 I.H. began attending a non-public school called Casa Pacifica on April 2, 2018.  The

27 District denies generally and specifically the remaining allegations contained in

28 Paragraph 38.

DEFENDANT OXNARD SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT

39.    In response to the allegations in Paragraph 39, the District denies generally and specifically the remaining allegations contained in Paragraph 39.

40.    In response to the allegations in Paragraph 40, the District denies generally and specifically the allegations contained therein pertaining to the District.

41.    In response to the allegations in Paragraph 41, the District admits this excerpt appears in the December 18, 2018 Order by the Office of Administrative Hearings Administrative Law Judge Robert G. Martin.

42.    In response to the allegations in Paragraph 42, the District admits that Plaintiff's temporary placement expired on June 8, 2018.

43.    In response to the allegations in Paragraph 43, the District denies generally and specifically the allegations contained in Paragraph 43.

44.    In response to the allegations in Paragraph 44, the District denies generally and specifically the allegations contained in Paragraph 44.

45.    In response to the allegations in Paragraph 45, the District admits that Dr. B.J. Freeman conducted an independent evaluation that she presented at an IEP team meeting on July 26, 2018. The District generally and specifically denies the remaining allegations contained in Paragraph 45.

46.    In response to the allegations in Paragraph 46, the District generally and specifically denies the allegations contained therein.

**Administrative Hearing**

47.    In response to the allegations in Paragraph 47, the District admits the allegations contained in Paragraph 47.

48.    In response to the allegations in Paragraph 48, the District admits Plaintiff's Stay-Put Motion was not opposed. The District alleges that I.H. waived his right to return to Cesar Chavez Elementary School, and on that basis, generally and specifically denies the remainder of Plaintiff's allegations in Paragraph 48.

49.    In response to the allegations in Paragraph 49, the District admits that Plaintiff requested reconsideration of the Stay-Put Order.

50.     In response to the allegations in Paragraph 50, the District admits this excerpt appears in the Order Denying Reconsideration.

51.     In response to the allegations in Paragraph 51, the District admits this excerpt appears in the District's Prehearing Conference Statement.

52.     In response to the allegations in Paragraph 52, the District admits that Plaintiff was not in school from August 16, 2018 to February 13, 2019. The District generally and specifically denies the remaining allegations contained in Paragraph 52.

53.     In response to the allegations in Paragraph 53, the District denies that Plaintiff prevailed on all but one issue before the Office of Administrative Hearings. The District admits the remaining allegations contained in Paragraph 53.

54.     In response to the allegations in Paragraph 54, the District admits the allegations contained in Paragraph 54.

55.     In response to the allegations in Paragraph 55, the District admits that the verbatim quote in Paragraph 55 does appear in the December 18, 2018 Order by the Office of Administrative Hearings Administrative Law Judge Robert G. Martin. The District alleges that Plaintiff concedes in Paragraph 64 of his own Second Amended Complaint that "the Administrative Law Judge's order did not mandate a general education campus," and on that basis, the District denies Plaintiff's allegations that Administrative Law Judge Robert G Martin ordered the District to provide Plaintiff's original requested placement. The District alleges that the December 18, 2018 Order by the Office of Administrative Hearings Administrative Law Judge Robert G. Martin speaks for itself, and on that basis, denies generally and specifically Plaintiff's remaining allegations in Paragraph 55, which are inconsistent with the Order.

56.     In response to the allegations in Paragraph 56, the District admits that the verbatim quote in Paragraph 56 does appear in the December 18, 2018 Order by the Office of Administrative Hearings Administrative Law Judge Robert G. Martin.

The District alleges that the December 18, 2018 Order by the Office of Administrative Hearings Administrative Law Judge Robert G. Martin speaks for itself, and on that basis, denies generally and specifically Plaintiff's remaining allegations about the Order in Paragraph 56, which are inconsistent with the Order.

57.     In response to the allegations in Paragraph 57, the District alleges that the December 18, 2018 Order by the Office of Administrative Hearings Administrative Law Judge Robert G. Martin speaks for itself, and on that basis, denies generally and specifically Plaintiff's allegations about the Order in Paragraph 57.

**District's Restraining Order – Oxnard School District v. I.H. et. al.**
**2:18-cv-07357-SVW-AS**

58.     In response to the allegations in Paragraph 58, the District's motion and moving papers speaks for themselves, and on that basis, the District denies generally and specifically Plaintiff's allegations about the motion and moving papers in Paragraph 58. The District generally and specifically denies the remaining allegations in Paragraph 58.

59.     In response to the allegations in Paragraph 59, the District admits the allegations in Paragraph 59.

60.     In response to the allegations in Paragraph 60, the District alleges that the Court's Order granting dismissal without prejudice speaks for itself, and on that basis, the District generally and specifically denies the allegations contained in Paragraph 60.

61.     In response to the allegations in Paragraph 61, the District alleges that the December 18, 2018 Order by the Office of Administrative Hearings Administrative Law Judge Robert G. Martin speaks for itself, and on that basis, the District denies generally and specifically Plaintiff's allegations about the Order in Paragraph 61.

DEFENDANT OXNARD SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT

62.    In response to the allegations in Paragraph 62, the District alleges that the December 18, 2018 Order by the Office of Administrative Hearings Administrative Law Judge Robert G. Martin speaks for itself, and on that basis, denies generally and specifically Plaintiff's allegations in Paragraph 62.

63.    In response to the allegations in Paragraph 63, the District admits that it implemented the December 18, 2018 Order by the Office of Administrative Hearings Administrative Law Judge Robert G. Martin. The District alleges that Plaintiff concedes in Paragraph 64 of his own Second Amended Complaint that "the Administrative Law Judge's order did not mandate a general education campus," and on that basis, the District denies Plaintiff's allegations that Administrative Law Judge Robert G Martin ordered the District to provide Plaintiff's original requested placement. The District denies generally and specifically the remaining allegations contained in Paragraph 63.

64.    In response to the allegations in Paragraph 64, the District admits Plaintiff was placed in a private classroom, with two trained professionals implementing a one-one-one systematic behavior program based upon principles of ABA. The District alleges that this Paragraph concedes that "the Administrative Law Judge's order did not mandate a general education campus," and on that basis, the District denies Plaintiff's allegations that Administrative Law Judge Robert G Martin ordered the District to provide Plaintiff's original requested placement. The District denies the remainder of the allegations contained in Paragraph 64.

65.    In response to the allegations in Paragraph 65, the District generally and specifically denies the allegations in Paragraph 65.

66.    In response to the allegations in Paragraph 66, the District alleges that the District's Behavior Assessments speak for themselves, and on that basis, the District generally and specifically denies the allegations contained therein.

67.     In response to the allegations in Paragraph 67, the District admits that it has offered Plaintiff's current placement as a permanent placement. The District generally and specifically denies the remaining allegations in Paragraph 67.

68.     In response to the allegations in Paragraph 68, the District admits the allegations in paragraph 68.

## FIRST CAUSE OF ACTION

69.     In response to the allegations in Paragraph 69, the District incorporates by reference each and every response contained the foregoing paragraphs.

70.     In response to the allegations in Paragraph 70, the District alleges that the December 18, 2018 Order by the Office of Administrative Hearings Administrative Law Judge Robert G. Martin speaks for itself, and on that basis, denies generally and specifically Plaintiff's allegations in Paragraph 70.

71.     In response to the allegations in Paragraph 71, the District alleges that 20 U.S.C. § 1415 speaks for itself and on that basis, the District denies the allegations in Paragraph 71.

72.     The District denies the allegations in Paragraph 72.

73.     The District denies the allegations in Paragraph 73.

74.     The District denies the allegations in Paragraph 74.

## SECOND CAUSE OF ACTION

75.     In response to the allegations in Paragraph 75, the District incorporates by reference each and every response contained the foregoing paragraphs.

76.     In response to the allegations in Paragraph 76, the District alleges that 42 U.S.C. § 12101(a)(2) speaks for itself and on that basis, the District generally and specifically denies the allegations in Paragraph 76.

77.     In response to the allegations in Paragraph 77, the District alleges that 42 U.S.C. § 12101(b)(1)-(2) speaks for itself and on that basis, the District generally and specifically denies the allegations in Paragraph 77.

78.     In response to the allegations in Paragraph 78, the District alleges that 42 U.S.C. § 12132 speaks for itself and on that basis, the District generally and specifically denies the allegations in Paragraph 78.

79.     In response to the allegations in Paragraph 79, the District alleges that Title II of the Americans with Disabilities Act speaks for itself and on that basis, the District generally and specifically denies the allegations in Paragraph 79.

80.     In response to the allegations in Paragraph 80, the District alleges that Title II of the Americans with Disabilities Act and its implementing regulations speaks for themselves and on that basis, the District generally and specifically denies the allegations in Paragraph 80.

81.     In response to the allegations in Paragraph 81, the District alleges that Title II of the Americans with Disabilities Act and its implementing regulations speaks for themselves and on that basis, the District generally and specifically denies the allegations in Paragraph 81.

82.     In response to the allegations in Paragraph 82, the District alleges that Title II of the Americans with Disabilities Act and its implementing regulations speaks for themselves and on that basis, the District generally and specifically denies the allegations in Paragraph 82.

83.     In response to the allegations in Paragraph 83, the District admits that the District is a public entity. The District generally and specifically denies the remaining allegations contained in Paragraph 83.

84.     In response to the allegations in Paragraph 84, the District admits that Plaintiff has a disability. Plaintiff denies the remainder of the allegations in Paragraph 84.

85.     In response to the allegations in Paragraph 85, the District alleges that Title II of the Americans with Disabilities Act and its implementing regulations speaks for themselves and on that basis, the District generally and specifically denies the allegations in Paragraph 85.

86.    The District generally and specifically denies the allegations in Paragraph 86.

87.    The District generally and specifically denies the allegations in Paragraph 87.

88.    The District generally and specifically denies the allegations in Paragraph 88.

89.    The District generally and specifically denies the allegations in Paragraph 89.

## **THIRD CAUSE OF ACTION**

90.    In response to the allegations in Paragraph 90, the District incorporates by reference each and every response contained the foregoing paragraphs.

91.    In response to the allegations in Paragraph 91, the District alleges that 29 U.S.C. § 794(a) speaks for itself and on that basis, the District generally and specifically denies the allegations in Paragraph 91.

92.    In response to the allegations in Paragraph 92, the District alleges that 29 U.S.C. § 794(b)(2)(B) speaks for itself and on that basis, the District generally and specifically denies the allegations in Paragraph 92.

93.    In response to the allegations in Paragraph 93, the District alleges that Section 504 of the Rehabilitation Act and its implementing regulations speak for themselves and on that basis, the District generally and specifically denies the allegations in Paragraph 93.

94.    In response to the allegations in Paragraph 94, the District alleges that Section 504 of the Rehabilitation Act and its implementing regulations speak for themselves and on that basis, the District generally and specifically denies the allegations in Paragraph 94.

95.    In response to the allegations in Paragraph 95, the District admits that it receives federal financial assistance. The District generally and specifically denies the remaining allegations in Paragraph 95.

96.     In response to the allegations in Paragraph 96, the District admits that Plaintiff has a disability. The District generally and specifically denies the remaining allegations in Paragraph 96.

97.     The District generally and specifically denies the allegations in Paragraph 97.

98.     The District generally and specifically denies the allegations in Paragraph 98.

99.     The District generally and specifically denies the allegations in Paragraph 99.

100.    The District generally and specifically denies the allegations in Paragraph 100.

## FOURTH CAUSE OF ACTION

101.    Paragraphs 101 through 114 do not name the District as an Answering Defendant, and on that basis the District generally and specifically denies the allegations in those Paragraphs.

## FIFTH CAUSE OF ACTION

102.    Paragraphs 115 through 119 do not name the District as an Answering Defendant, and on that basis the District generally and specifically denies the allegations in those Paragraphs.

## SIXTH CAUSE OF ACTION

103.    Paragraphs 120 through 124 do not name the District as an Answering Defendant, and on that basis the District generally and specifically denies the allegations in those Paragraphs.

## SEVENTH CAUSE OF ACTION

104.    Paragraphs 125 through 128 do not name the District as an Answering Defendant, and on that basis the District generally and specifically denies the allegations in those Paragraphs.

DEFENDANT OXNARD SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT

**PLAINTIFF'S PRAYER**

1.    In response to paragraph 1 of the Second Amended Complaint, the District alleges that the Second Amended Complaint is the best evidence of what Plaintiff is demanding.  Except as otherwise admitted herein, the District denies generally and specifically each and every allegation contained therein.

2.    In response to paragraph 2 of the Second Amended Complaint, the District alleges that the Second Amended Complaint is the best evidence of what Plaintiff is demanding.  Except as otherwise admitted herein, the District denies generally and specifically each and every allegation contained therein.

3.    In response to paragraph 3 of the Second Amended Complaint, the District alleges that the Second Amended Complaint is the best evidence of what Plaintiff is demanding.  Except as otherwise admitted herein, the District denies generally and specifically each and every allegation contained therein.

4.    In response to paragraph 4 of the Second Amended Complaint, the District alleges that the Second Amended Complaint is the best evidence of what Plaintiff is demanding.  Except as otherwise admitted herein, the District denies generally and specifically each and every allegation contained therein.

5.    In response to paragraph 5 of the Second Amended Complaint, the District alleges that the Second Amended Complaint is the best evidence of what Plaintiff is demanding.  Except as otherwise admitted herein, the District denies generally and specifically each and every allegation contained therein.

6.    In response to paragraph 6 of the Second Amended Complaint, the District alleges that the Second Amended Complaint is the best evidence of what Plaintiff is demanding.  Except as otherwise admitted herein, the District denies generally and specifically each and every allegation contained therein.

7.    In response to paragraph 7E of the Second Amended Complaint, the District alleges that the Second Amended Complaint is the best evidence of what

DEFENDANT OXNARD SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff is demanding.  Except as otherwise admitted herein, the District denies generally and specifically each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

As for its separate affirmative defenses, the District alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

1.     Plaintiff failed to exhaust the educational harms upon which he premises his Second and Third Causes of Action in the Second Amended Complaint.

## SECOND AFFIRMATIVE DEFENSE

### (Free Appropriate Public Education)

2.     Plaintiff's Second Amended Complaint fails because the District has offered and provided Plaintiff with a free appropriate public education ("FAPE") in accordance with the IDEA and related state law at all times relevant to this action.

## THIRD AFFIRMATIVE DEFENSE

### (Compliance with Substantive Requirements under IDEA)

3.     Plaintiff's Second Amended Complaint fails because the District has complied with the substantive requirements of the IDEA and related state law at all times relevant to this action.

## FOURTH AFFIRMATIVE DEFENSE

### (Compliance with Procedural Requirements under IDEA)

4.     Plaintiff's Second Amended Complaint fails because the District has complied with the procedural requirements of the IDEA and related state law at all times relevant to this action.

///

///

///

///

## FIFTH AFFIRMATIVE DEFENSE

### (Frustration of IDEA'S Purpose)

5.     Plaintiff is barred from recovering any relief in this action because granting such relief would frustrate the purpose and policies underlying the IDEA and related state law.

## SIXTH AFFIRMATIVE DEFENSE

### (Immunity and Privilege)

6.     Plaintiff is barred from asserting the claims alleged in the Second Amended Complaint against the District as the District's actions were, at all times, privileged, immune, justified, made in good faith, and/or otherwise lawful.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

7.     Plaintiff's Second Amended Complaint is barred under the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.     Plaintiff's Second Amended Complaint is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

9.     Plaintiff's Second Amended Complaint is barred by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel)

10.     Plaintiff's Second Amended Complaint is barred by the doctrine of collateral estoppel.

///

///

DEFENDANT OXNARD SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

11.   Plaintiff had, and continues to have, the ability and opportunity to mitigate the damages alleged in the Second Amended Complaint and has failed to take reasonable and necessary steps to mitigate same.

## TWELFTH AFFIRMATIVE DEFENSE

### (Wrongful Acts of Plaintiff)

13.   Any injury or damage suffered by Plaintiff was caused solely by reason of his and/or his parents' and/or agents' wrongful acts and conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (District's Actions were Reasonable)

14.   The actions of the District in all respects were reasonable, proper, and legal.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

15.   The District is entitled to a determination of comparative fault, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Fault of Third Parties)

16.   The District is informed and believes and based thereon alleges that the matters complained of in the Second Amended Complaint were proximately caused solely by the acts or omissions of a third party or parties and, therefore, are not liable for any damages or injuries sustained by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

17.   The District is informed and believes and based thereon alleges that Plaintiff's claims are barred by the doctrine of waiver.

///

///

DEFENDANT OXNARD SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

18.    The District is informed and believes and based thereon alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Other Defenses)

21.    The District present has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses.  The District therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

## DISTRICT'S PRAYER

1.    The District therefore requests that Plaintiff takes nothing by reason of this Second Amended Complaint.

2.    The District prays for judgment in its favor and against Plaintiff.

3.    The District requests its costs and attorneys' fees.

4.    The District requests such other relief as the court shall deem just and proper under the circumstances.

Dated: October 1, 2019          **GARCIA HERNANDEZ SAWHNEY LLP**

By: */s/Conor Kennedy*
          Conor Kennedy, Esq.
          Attorneys for Defendants

DEFENDANT OXNARD SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S SECOND
AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 1, 2019, I caused a true and correct copy of the foregoing **DEFENDANT OXNARD SCHOOL DISTRICT'S ANSWER TO SECOND AMENDED COMPLAINT** to be electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for all parties.

Dated:  October 1, 2019                    By:          */s/Conor Kennedy*