**BEACH • COWDREY • JENKINS, LLP**
500 E. ESPLANADE DRIVE, SUITE 1400
OXNARD, CALIFORNIA 93036
TELEPHONE: (805) 388-3100
FACSIMILE: (805) 388-3414

Thomas E. Beach - State Bar No. 096321
Mindee J. Stekkinger - State Bar No. 146698
mail@beachcowdrey.com
Attorneys for Defendant,
CASA PACIFICA CENTERS FOR CHILDREN AND FAMILIES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| I.H., a minor, by and through his guardian ad litem, C.C.,<br><br>Plaintiff,<br><br>v.<br><br>OXNARD SCHOOL DISTRICT; CASA PACIFICA CENTERS FOR CHILDREN AND FAMILIES,<br><br>Defendants. | Case No. 2:19-CV-01997-MWF-MRW<br><br>Assigned to the Honorable Michael W. Fitzgerald, Courtroom 5A<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT CASA PACIFICA CENTERS FOR CHILDREN AND FAMILIES' TO DISMISS PLAINTIFF'S THIRD, AND FOURTH CAUSES OF ACTION ON PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     February 3, 2020<br>Time:    10:00 a.m.<br>Judge:   Hon. Michael W. Fitzgerald<br>Courtroom: 5A |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 3, 2020, at 10 a.m., or as soon thereafter as the matter may be heard before Courtroom 5A of the above-entitled Court located at 350 West First Street, Los Angeles, CA 90012, Defendant CASA PACIFICA CENTERS FOR CHILDREN AND FAMILIES (hereinafter "Casa

Pacifica") will and hereby does move this Court for an order of dismissal of the Third and Fourth Causes of Action against Casa Pacifica only. This Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is based upon the following grounds:

1. Plaintiff's Third Cause of Action for Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), fails as against Casa Pacifica as Casa Pacifica is not a proper entity for such a claim.

2. Plaintiff's Fourth Cause of Action, based upon the Unruh Civil Rights, California Civil Code § 51, et seq., fails as premised upon a violation of Title III of the Americans with Disabilities Act ("ADA") on the grounds that the complaint does not, and cannot, establish that Casa Pacifica denied the plaintiff access to the accommodations of a place of public accommodation.

Pursuant to Local Rule 7-3, this Motion is made following an attempted conference with counsel. No resolution was reached.

This Motion is based upon the attached Memorandum of Points and Authorities, the documents within the Administrative Record filed with a Request for Judicial Notice at Docket Entry 28; which was granted at Docket entry 31, the pleadings and papers attached hereto, all pleadings and records on file in this matter, including Casa Pacifica's Motions to Dismiss the Plaintiff's First Amended Complaint and Second Amended Complaint and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: December 31, 2019     BEACH ⬥ COWDREY ⬥ JENKINS, LLP

By: /s/ Mindee J. Stekkinger
Thomas E. Beach
Mindee J. Stekkinger
Attorneys for Defendant,
CASA PACIFICA CENTERS FOR
CHILDREN AND FAMILIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

With respect to Casa Pacifica, I.H.'s Third Amended Complaint ("TAC"), raises the following claims: Cause of Action number 3 for Violation of § 504 of the VRA of 1973, 29 U.S.C. § 794(a); Cause of Action number 4 for Violation of Cal. Civil Code § 51, et seq. (Unruh Civil Rights Act); Cause of Action number 5 for Negligence; and Cause of Action number 6 for Negligent Supervision. Per this Court's Order following Casa Pacifica's Motion to Dismiss portions of the Second Amended Complaint, the plaintiff removed Cause of Action number 7 for Intentional Infliction of Emotional Distress as it was asserted against Casa Pacifica.

Casa Pacifica now brings the instant motion to challenge I.H.'s Causes of Action numbers 3 and 4, in accordance with this Court's Order on Casa Pacifica's previously filed Motion to Dismiss. As detailed herein, each of the challenged causes of action fails.

Principally, I.H. sets forth the Third Cause of Action, which is based upon issues dealing with the implementation of and provision of educational services during the roughly two months that he was a student at CASA. However, this cause of action can only be established where it is successfully alleged that the defendant received federal funding. Here, the plaintiff's conclusory allegations attempting to meet this requirement are contradicted and defeated by the plaintiff's own *factual* allegations, which make clear that Casa Pacifica did *not*, at any time, receive the requisite federal funding so as to avail itself to liability under this cause of action.

As to the Fourth Cause of Action, the plaintiff's Third Amended Complaint establishes that this claim is brought pursuant to Title III of the Americans with Disabilities Act. However, applicable authorities establish that Title III does not apply in situations like the one pleaded by the plaintiff in the complaint as the plaintiff was not denied *access* to a place of public accommodation.

For these reasons, as examined and explained more thoroughly below, the

3

MOTION OF DEFENDANT TO DISMISS PLAINTIFF'S THIRD, AND FOURTH CAUSES OF ACTION ON
PLAINTIFF'S THIRD AMENDED COMPLAINT

instant motion should be granted in its entirety without leave to amend.

## II.     STATEMENT OF RELEVANT FACTS

I.H.'s allegations against Casa Pacifica are as follows: 1) Casa Pacifica is a private not-for-profit organization that runs a nonpublic special education school (TAC ¶ 15); 2) I.H. was placed at Casa Pacifica on April 2, 2018, and his temporary placement expired on June 8, 2018 (TAC ¶¶ 38, 42); 3) Casa Pacifica disregarded his IEP (TAC ¶ 36); 4) I.H.'s aides, who were trained in ABA techniques were rarely, actually used for I.H., rather they were reassigned to work with other students, and instead Casa Pacifica placed untrained staff with I.H (TAC ¶¶ 38-39); 5) Casa Pacifica, used untrained and unsupervised staff, who disregarded school instructions regarding I.H.'s school program and aide supports (TAC ¶ 39); 6) Casa Pacifica unilaterally removed I.H. entirely from the classroom setting and placed him with un-trained and unqualified staff, where he was scratched and ended up with stapes in the back of his head (TAC ¶¶ 39, 43); 7) Casa Pacifica staff used physical holds even though they were not trained or qualified to use them in a school setting (TAC ¶ 39); 8) Casa Pacifica placed I.H. in a classroom without any teacher. This so-called "behavior management" classroom involved working on worksheets without instruction. If I.H. demonstrated good behavior, he was allowed to participate in an actual classroom with a special education teacher. However, I.H. never made it more than 10 to 15 minutes in that classroom without a major incident (TAC ¶ 40); 9) At Casa Pacifica he was subject to numerous restraints and holds.  (TAC ¶¶ 43-44).

## III.    THE THIRD CAUSE OF ACTION FAILS AS CASA PACIFICA IS NOT A SUBJECT ENTITY

Section 504 of the Rehabilitation Act of 1973 29 U.S.C. § 794(a) provides, in pertinent part, that "no otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); *Armstrong v. Wilson* (1997) 124

F.3d 1019, 1023.

In this action, I.H. set forth a conclusory assertion that Casa Pacifica receives federal financial assistance. (TAC ¶ 15.) However, this assertion is contradicted by the remainder of the pleading. Specifically, I.H. defines Casa Pacifica as a non-public school at which he was temporarily placed; and as a private not-for-profit organization organized and existing under the laws of the State of California, which runs among other programs, a Non-Public Special Education School (NPS). (TAC ¶ 15.) I.H. also asserts that Casa Pacifica's services were provided pursuant to a contract with the District. (TAC ¶ 39.)

In relevant part, California Education Code section 56034 defines a non-public school as "'Nonpublic, nonsectarian school' means a private, nonsectarian school that enrolls individuals with exceptional needs pursuant to an individualized education program and is certified by the department." *Id.* California Education Code section 56365 provides that non-public school services shall be provided pursuant to section 56366, and in accordance with §300.146 of Title 34 of the C.F.R., under contract with the local educational agency to provide the appropriate special educational facilities, special education, or designated instruction and services required by the individual with exceptional needs if no appropriate public education program is available. And that "(b) Pupils enrolled in nonpublic, nonsectarian schools and agencies under this section shall be deemed to be enrolled in public schools for all purposes of Chapter 4 (commencing with [§]41600) of Part 24 of Division 3 and [§]42238.02. The local educational agency shall be eligible to receive allowances under Articles 3 (commencing with [§]56836.165) and 4 (commencing with [§]56836.20) of Chapter 7.2 for services that are provided to individuals with exceptional needs pursuant to the contract." *Id.*

California Education Code section 56365(d) provides that "[t]he local educational agency shall pay to the nonpublic, nonsectarian school or agency the full amount of the tuition for individuals with exceptional needs that are enrolled in

programs provided by the nonpublic, nonsectarian school pursuant to the contract." *Id.* Accordingly, Casa Pacifica is not a recipient of federal financial assistance by virtue of the existence of a contract with the District.

Additionally, federal financial assistance is not the remuneration for services rendered and does extend past the original recipient. "Coverage under the act does not follow the federal funding past the original intended recipient to those entities which merely derived some benefit from the aid or received compensation for services rendered pursuant to a contract." *Grzan v. Charter Hosp. of Northwest Ind*. 104 F.3d 116, 120 (7th Cir. 1997). "Generally, receipt of federal money, whether direct or indirect, will incur Rehabilitation Act liability only if the funding "is in some form of a subsidy." *DeVargas v. Mason & Hanger-Silas Mason Co.*, 911 F.2d 1377, 1382 (10th Cir. 1990), citing *Jacobson v. Delta Airlines, Inc*., 742 F.2d 1202, 1208-09 (9th Cir. 1984).

As is noted above, the Third Amended Complaint generally pleads that Casa Pacifica received federal funding. (TAC ¶ 95.) The Third Amended Complaint also adds:

> Defendant Casa Pacifica has received a substantial amount of federal financial assistance in the form of federal grants and subsidies, including but not limited to funding from the U.S. Department of Agriculture School Breakfast Program and National School Lunch Program. It also receives substantial funding from the Department of Health and Human Services for, among other things, mental health services at its facilities.
> (TAC ¶ 96.)

Accordingly, the plaintiff here alleges that Casa Pacifica received federal funding for breakfast and lunch programs as well as unspecified and non-specific "funding" from the Department of Health and Human Services. That said, I.H. has failed to tie his specific claims against Casa Pacifica to the receipt of federal financial assistance *in the form of a subsidy*. The Ninth Circuit has plainly recognized that purely compensatory payments do not constitute federal financial assistance. *Jacobson v. Delta Airlines, Inc.,* 742 F.2d 1202, 1209 (9th Cir. 1984). Accordingly, I.H. fails to state a claim under this statute.

6
MOTION OF DEFENDANT TO DISMISS PLAINTIFF'S THIRD, AND FOURTH CAUSES OF ACTION ON PLAINTIFF'S THIRD AMENDED COMPLAINT

## IV. THE FOURTH CAUSE OF ACTION FAILS AS CASA PACIFICA DID NOT DENY PLAINTIFF ACCESS TO THE ACCOMMODATIONS OF A PLACE OF PUBLIC ACCOMMODATION

In its Order on Casa Pacifica's Motion to Dismiss regarding the Second Amended Complaint, this Court tasked the plaintiff with deciding whether the Fourth Cause of Action for Violation of the Unruh Civil Rights Act arises out of Title II or Title III of the ADA. The plaintiff's Third Amended Complaint makes clear that this cause of action arises out of Title III of the ADA. (TAC ¶¶ 107-112.) However, as Title III of the ADA involves *access* to physical facilities as opposed to services provided within the facilities, the plaintiff's Fourth Cause of Action must be dismissed.

Title III states, in pertinent part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Courts have long interpreted this language to mean that persons with disabilities cannot be denied physical access to places of public accommodation.

In *Ford v. Schering-Plough Corp.* 145 F.3d 601 (3rd Cir. 1998), the Court of Appeal was tasked with determining whether Title III covered only discrimination of physical access to facilities or discrimination in the services provided by the entity. Ultimately, the court concluded that *only* discrimination of the physical access to covered facilities was covered by Title III. "The plain meaning of Title III is that a public accommodation is a place, leading to the conclusion that '"it is all of the services which the public accommodation offers, not all services which the lessor of the public accommodation offers[,] which fall within the scope of Title III."'" *Id.* at p. 612, citing *Parker v. Metropolitan Life Ins. Co.* 121 F.3d 1006 (6th Cir. 1997). The court aptly explained this distinction with the following succinct

example: "[A] bookstore must be accessible to the disabled but **need not treat the disabled equally in terms of books the store stocks** . . . ." *Id*. at p. 613.

The Ninth Circuit Court of Appeals upheld the *Ford* ruling in the case of *Weyer v. Twentieth Century Fox Film Corp*. 198 F.3d 1104 (9th Cir. 2000). The *Weyer* court explained Title III as follows:

> The ordinary meaning of this language [of Title III] is that whatever goods or services the place provides, it cannot discriminate on the basis of disability in providing enjoyment of those goods or services. This language does not require provision of different goods or services, just nondiscriminatory enjoyment of those that are provided. Thus, a bookstore cannot discriminate against disabled people in granting access, but need not assure that the books are available in Braille as well as print.
> *Id.* at p. 1115.

In this matter, the plaintiff's Third Amended Complaint makes clear that I.H. was able to and did attend school at Casa Pacifica for approximately two months. (TAC ¶ 36.) The complaint, however, alleges that Casa Pacifica negligently failed to provide I.H. with services necessary to his educational growth and negligently failed to comply with the IEP that had previously been crafted for I.H. (TAC ¶¶ 36-40.) Accordingly, the plaintiff's Fourth Cause of Action arises not out of the plaintiff's *access* to public accommodations but to the services provided at the place of public accommodation once access was granted. As the cases set forth above make clear, this is not what Title III was intended to protect.

## V.   CONCLUSION

For the foregoing reasons, Casa Pacifica respectfully requests that the Court grant dismissal as to the Third and Fourth Causes of Action.

Dated: December 31, 2019        BEACH ⬥ COWDREY ⬥ JENKINS, LLP

By: _____
Thomas E. Beach
Mindee J. Stekkinger
Attorneys for Defendant,
CASA PACIFICA CENTERS FOR CHILDREN AND FAMILIES

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF VENTURA

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action. My business address is 500 E. Esplanade Drive, Suite 1400, Oxnard, California 93036.

On the date set forth below, I served the foregoing document described as: **NOTICE OF MOTION AND MOTION OF DEFENDANT CASA PACIFICA CENTERS FOR CHILDREN AND FAMILIES' TO DISMISS PLAINTIFF'S THIRD, AND FOURTH CAUSES OF ACTION ON PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST

☒ **(BY FIRST CLASS MAIL)** I placed the above-named document in an envelope and caused such envelope with postage thereon fully prepaid to be placed for mailing with the United States Postal Service at Oxnard, California. I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in affidavit.

☐ **(BY OVERNIGHT CARRIER)** I placed the above-named document in an envelope or package designated by **[GoldenState Overnight/UPS/Federal Express/Overnite Express]** ("express service carrier") addressed to the parties listed on the service list herein, and caused such envelope with delivery fees paid or provided for to be deposited in a box maintained by the express service carrier. I am "readily familiar" with the firm's practice of collection and processing of correspondence and other documents for delivery by the express service carrier. It is deposited in a box maintained by the express service carrier on that same day in the ordinary course of business.

☒ **(BY ELECTRONIC SERVICE)** I served the above-named document electronically on the parties listed on the service list herein via a Notice of Electronic Filing automatically generated by the CM/ECF System.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 31, 2019, at Oxnard, California.

_Julie Foutch_
Julie Foutch

# SERVICE LIST
*I.H. v. Oxnard School District, et al.*
*United States District Court Case No. 2:19-CV-01997-MWF-MRW*

**ATTORNEYS FOR PLAINTIFF**

Janeen Steel, Esq.
Patricia A. Van Dyke, Esq.
Learning Rights Law Center
1625 W. Olympic Boulevard, Suite 500
Los Angeles, CA  90015

Phone:  (213) 489-4035
Fax:       (213) 489-4033
janeen@learningrights.org
patsy@learningrights.org

Shawna L. Parks, Esq.
Law Office of Shawna L Parks
4470 W. Sunset Boulevard, Suite 107-347
Los Angeles, CA 90027

Phone:  (323) 389-9239
Fax:       (323) 389-9239
sparks@parks-law-office.com

Wilmer J. Harris, Esq.
Schonbrun Seplow Harris & Hoffman LLP
715 Fremont Avenue, Suite A
South Pasadena, CA  91030

Phone:  (626) 441-4129
Fax:       (626) 283-5770
wharris@sshhlaw.com

**ATTORNEYS FOR DEFENDANT, OXNARD SCHOOL DISTRICT**

Albert A. Erkel, Jr., Esq.
Conor Kennedy, Esq.
Garcia Hernandez Sawhney LLP
330 N. Brand Boulevard, Suite 680
Glendale, CA  91203

Phone:  (213) 347-0210
Fax:       (213) 347-0216
aerkel@ghslaw.com
ckennedy@ghslaw.com